**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MARIA VALENTI,

                      Plaintiff,                  **REPORT AND
RECOMMENDATION**

        - against -

                                                           CV 07-0879 (SJ) (JO)

UNITED STATES OF AMERICA,

                      Defendant.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Maria Valenti ("Valenti") commenced this action on March 1, 2007 against defendant United States of America seeking damages for the alleged wrongful death of her husband, who died while incarcerated at a federal prison in Pennsylvania. Docket Entry ("DE") 1. On March 5, 2007, Valenti's counsel filed a motion for leave to appear *pro hac vice*; I denied the motion without prejudice to refiling in conformance with the applicable Local Civil Rule. Valenti did nothing further to vindicate her rights in this case for the next four months. On July 5, 2007, I ordered as follows:

> A review of the docket entries in this action indicates that there has been no activity in this case since [I denied counsel's motion for admission *pro hac vice*] on March 13, 2007.... No later than August 3, 2007, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute.

DE 4. More than eight months have passed since the August 3, 2007 deadline that I set and none of those events has occurred; I therefore respectfully recommend that the claims against the United States of America be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

A dismissal for failure to prosecute is committed to the court's sound discretion. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). Courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice. Fed. R. Civ. P. 41(b). Failure to prosecute may involve: (1) a plaintiff's "pattern of dilatory conduct [; or (2)] 'an action lying dormant with no significant activity to move it.'" *Barahman v. Sullivan*, 1992 WL 226293, *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In determining whether a dismissal with prejudice is warranted, the court must examine several factors: "(1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions." *Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. *Id.* (citing *Nita v. Conn. Dept. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

Under this standard, a dismissal with prejudice is plainly appropriate. Valenti has taken no steps to vindicate her rights in this case for more than a year, and has been on notice since July 5, 2007 that if the case continued to lay dormant I would deem her to have abandoned it. Valenti's apparent disregard of my explicit warning suggests that any sanction other than dismissal would prove ineffective. I therefore respectfully recommend that the court dismiss Valenti's claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

I direct Valenti to serve a copy of this Report and Recommendation on the defendant, and to file proof of service with the court no later than April 28, 2008. Any objections to this Report and Recommendation must be filed with the Clerk no later than May 12, 2008. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d. Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
April 21, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge