UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIA VALENTI,

                                    07 CV 879 (SJ) (JO)

       -against-                      **MEMORANDUM**
                                          **AND ORDER**

UNITED STATES OF AMERICA,

              Defendant.
-------------------------------------------------------X
A P P E A R A N C E S

**THE LAW OFFICES OF ANTHONY C. CASAMASSIMA**
137 Wicks Road
Commack, New York 11725
By:    Anthony C. Casamassima, Esq.
Attorney for Plaintiff


JOHNSON, Senior District Judge:

       Presently before the Court is a Report and Recommendation ("Report")

issued by United States Magistrate Judge James Orenstein on April 21, 2008, urging

the Court to dismiss with prejudice the above-captioned matter for failure to

prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule

41(b)").

## BACKGROUND

       This action was commenced on March 1, 2007, by Plaintiff Maria Valenti

("Plaintiff").  Several days later, on March 5, 2007, Plaintiff's counsel filed a

motion with Judge Orenstein to appear pro hac vice in this matter.  On March 13,

2007, that motion was denied without prejudice to re-filing in conformance with

1

Local Civil Rule 1.3. Nearly four months later, Plaintiff's counsel had not taken any steps to re-file his motion to appear pro hac vice, nor did it appear from the docket sheet on the court's electronic filing system that there been any other activity in the case. Hence, on July 5, 2007, Judge Orenstein issued an order ("July 5 Order") directing that at least one of three actions be taken no later than August 3, 2007: "(a) the defendant must file an answer; (b) the parties must file a stipulation extending the defendant's time to answer; or (c) the plaintiff must file a motion for the entry of a notation of default." Docket Entry ("DE") 4. Judge Orenstein also noted that, in the event that no action was taken in response to his Order, the court would "deem the plaintiff to have abandoned the case" and recommend that this Court dismiss the action. Id. None of the steps outlined in the July 5 Order had been taken as of the submission of the instant Report on April 21, 2008. Indeed, there is presently no indication on the court's electronic filing system that the defendant was ever even properly served with the Complaint.

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and

2

recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

In addition, failure to file timely objections may waive the right to appeal the magistrate's decision. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). While the level of scrutiny entailed by the court's review of the report depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations. See Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

On May 11, 2008, counsel for the Plaintiff submitted written objections to Judge Orenstein's Report via the court's electronic filing system. Counsel objected to the entry of default on the grounds that, under the five-pronged test applied by the Second Circuit with respect to evaluating the appropriateness of a Rule 41(b) motion to dismiss, "several factors exist in the instant matter indicating that dismissal is not warranted." Objections to Report, ¶ 4; See Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).[1]

Specifically, the Plaintiff argues that, although there is no indication of service of process on the electronic filing system, the Complaint was personally

---

[1] "In particular, we review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole" (internal citations omitted). Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

P-049

served on the Defendant at the United States Attorney's office at Central Islip, New York on June 29, 2007. Objections to Report, ¶ 3. Hence, as it relates to the duration of Plaintiff's failure to take action in the case, counsel points out that Judge Orenstein's July 5, 2007 Order directing the parties to move the case forward "was issued a mere *six days* [sic] after service of the Summons and Complaint...." Id. at ¶ 5.

In addition, Plaintiff's counsel notes that, due to an ongoing malfunction in his email system, he had not been informed of Judge Orenstein's July 5 Order "until receipt on or about April 21, 2008, of an email message concerning the Report and Recommendation at issue here" Id. at ¶ 6. Therefore, as it relates to whether he received notice from the court that further delays would result in dismissal, Plaintiff's counsel urges that he "was merely awaiting Defendant's answer after service of the Summons and Complaint on June 29, 2007 and was entirely unaware of Magistrate Judge Orenstein's Order of July 5, 2007 or of the August 3, 2007 deadline imposed for various alternate events to occur...." Id.

Moreover, counsel argues that the Defendant has not been prejudiced by the delay, that a balancing of the equities in this case favors the Plaintiff, and that the court did not adequately explore the possibility of imposing lesser sanctions under the circumstances, especially given that a dismissal with prejudice would serve to punish Ms. Valenti herself, despite the fact that the delay in the proceedings was "more justly ascribed to [counsel's] inartful management of his E-mail system...than to any inaction on the part of the Plaintiff." Id. at ¶¶ 8-11. Finally,

4

counsel points to the fact that he was suffering from "significant health issues," requiring major surgery, which contributed, at least in part, to his failure to take the steps necessary to maintain this cause of action.[2] Id. at ¶ 13.

The arguments advanced by the Plaintiff's counsel are unavailing. First, while counsel repeatedly notes that the Defendant was personally served with the Summons and Complaint on June 29, 2007, he provides no explanation as to why the Court was never provided with proof of service, via the electronic filing system or otherwise. Indeed, both this Court and Judge Orenstein were unaware that the Complaint was served on Defendant until counsel filed the instant objections to the Report. Hence, this Court is unmoved by counsel's suggestion that Judge Orenstein's July 5 Order was somehow premature because it was issued "a mere six days after service of the Summons and Complaint." As far as the court was concerned, the July 5 Order was issued some four months after the Complaint was filed and counsel's pro hac vice motion was denied without prejudice to re-filing in conformance with the appropriate Local Rules.

In addition, counsel's explanation regarding his inability to receive information and documents via the court's electronic filing system is inadequate. While it may be true that counsel began to experience computer problems sometime after filing the Complaint, counsel does not explain why he failed to contact the Court to inquire into the status of the case, particularly since he utilized the

---

[2] Specifically, counsel indicates that he underwent surgery soon after the Complaint was filed in March 2007 to have a "grapefruit-sized soft tissue malignancy" removed from his arm. See Objections to Report, ¶ 13.

5

electronic filing system to submit his pro hac vice motion on March 5, 2007 and

therefore should have been awaiting a response from the Court. If, in fact,

Plaintiff's counsel did receive notice of Judge Orenstein's March 13, 2007 Order

denying the pro hac vice motion, the question then becomes why counsel chose not

to re-file his application in conformance with the Local Rules, as directed by the

court. More importantly, the fact that counsel failed to re-file his pro hac vice

motion means that, even by filing the instant objections to Judge Orenstein's Report,

counsel has engaged, at least arguably, in the unauthorized practice of law. It is of

no moment that, at this late date, counsel now "has begun the steps necessary to

reapply to appear in conformance with the applicable Local Civil rule." Objections

to Report, Footnote 3.

Counsel also implies that his failure to re-file his motion immediately is

related, in part, to the surgery that he underwent in mid-March 2007. Although the

Court is sympathetic to the difficulties of maintaining one's professional

responsibilities in the midst of a significant health crisis, counsel again fails to

explain why the Court was not notified of his impending surgery. Nor does he

indicate why he was not able to arrange for another attorney to contact and/or

appear before the Court on his (and his client's) behalf. Indeed, even in the months

following the surgery, counsel neglected to inform the court of his medical issues

and any potential delays that may have been caused as a result.

Lastly, while it certainly is unfortunate that the Plaintiff, Ms. Valenti, will

suffer the consequences of the Court's ruling, responsibility for the outcome of this

case lies squarely with counsel, not this Court. For it was not only counsel's "inartful management" of his e-mail system that was problematic here. Had even minimal steps been taken to contact the court to inquire into the status of the case and/or to inform the court of the circumstances surrounding counsel's health, Ms. Valenti's cause of action may very well have been preserved. The Court also is unconvinced by counsel's suggestion that Judge Orenstein's recommendations should be disregarded because he did not consider sanctions short of dismissal, in light of the impact the court's decision would have on Ms. Valenti. The argument carries little weight given that dismissal was not the initial remedy sought by the court. As noted above, despite the fact that Plaintiff's counsel had neglected to re-file his pro hac vice application as directed by the court and, at least according to the electronic filing system, had taken no other action in connection with the case for nearly four months, Judge Orenstein provided counsel with an opportunity to move the litigation forward in his July 5, 2007 Order. It was only after that Order was apparently disregarded—some ten months later—that the court recommended dismissal.

With respect to counsel's other arguments, the Court need only note that "[n]o one factor [of the five-prong test] is dispositive, and ultimately we must review the dismissal in light of the record as a whole." Drake, 375 F.3d at 254. The record demonstrates that Plaintiff's counsel was woefully neglectful in the management (or lack thereof) of this action. For the reasons stated above, counsel cannot now cure the inadequacies of his representation by invoking a

7

malfunctioning email system, the Defendant's failure to answer the Complaint, or health problems that were not disclosed to the Court until over a year after counsel underwent surgery.

## CONCLUSION

Upon review of the recommendations and consideration of the Plaintiff's objections, this Court adopts Judge Orenstein's Report in its entirety. This matter is hereby DISMISSED with prejudice, pursuant to Rule 41(b).

SO ORDERED.

Dated: May 29 , 2008
       Brooklyn, NY

_s/ SJ_ _____
Senior United States District Judge